IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Fredericka A. Norris, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Metropolitan Life Insurance | ) | |
| Company | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

This is an action for breach of contract, fraud, negligent misrepresentation of a critical fact and negligence, resulting from failure of Defendant to pay the proceeds of the contract between insured decedent retiree, Fred Sellers ("Insured"), and Defendant, Metropolitan Life Insurance Company ("MetLife") to Plaintiff in accordance with the terms of Insured's Federal Employees' Life Insurance Policy ("FEGLI Policy") in violation of the Federal Employees' Life Insurance Act, 5 U.S.C. §§ 8701, et seq. ("FEGLIA") and FEGLIA regulations, Title 5 C.F.R. Part 870. Plaintiff seeks monetary damages and other relief against Defendant for the reasons set forth below.

## PARTIES

1.

Plaintiff, Fredericka A. Norris, is a citizen and resident of Gwinnett County, Georgia, who resided with Insured, a retired U.S. Postal Service employee and resident of Gwinnett County, Georgia until his death on April 7, 2012.

2.

Insured designated Plaintiff the sole designated beneficiary of Insured's Policy, issued by Defendant, in accordance with the provisions of the valid FEGLI Designation of Beneficiary Form Insured completed and mailed to the Office of Personnel Management Retirement Operations Center ("OPM") on March 12, 2012 ("2012 DoB").

3.

Defendant MetLife contracted with Insured by issuing the FEGLI Policy to Insured for the purpose of insuring the life of Insured that provided for the payment of death benefits to Insured's designated beneficiary as shown on the most recent validly completed Designation of Beneficiary form (OPM Standard Form No. SF 2823) received by OPM before Insured's date of death.

4.

Defendant MetLife is a citizen of the State of New York with its principal place of business in the State of New York at One MetLife Plaza, 27-01 Queens Plaza North, Long Island City, New York 11101.

OPM has a contract with MetLife to provide the group life insurance policies under the FEGLI Program. FEGLI is group life insurance offered under the FEGLI Program.

Defendant MetLife does business as the Office of Federal Employees' Group Life Insurance ("OFEGLI"), an administrative unit of MetLife created for the purpose of administering the FEGLI Program contract between MetLife and OPM. The only known contact information for OFEGLI is P.O. Box 6512 Utica, New York 13504-6512 and telephone number 1-888-633-4542 or 1-215-792-7014.

OFEGLI adjudicates claims under the FEGLI Program. United States Office of Personnel Management, Federal Employees' Group Life Insurance (FEGLI) Program Handbook (July 2008), Section titled "What Is FEGLI?," page 1, ("FEGLI Program Handbook") *available at* http://www.opm.gov/healthcare-insurance/life-insurance/reference-materials/handbook.pdf last visited March 31, 2014. A true and correct copy of the cited page is attached hereto as Exhibit "A." OFEGLI's responsibilities include "processing and paying claims" for FEGLI

policies. *Id.* at p. 11, Section titled "OFEGLI Responsibilities". A true and correct copy of the cited page is attached hereto as Exhibit "B."

Defendant MetLife and its administrative unit OFEGLI are authorized to transact business in, and do transact business in, among other places, Gwinnett County, Georgia, within the Northern District of Georgia.

## JURISDICTION AND VENUE

### 5.

The United States District Court for the Northern District of Georgia – Atlanta Division, has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the FEGLI Policy and the distribution of FEGLI benefits is governed by the FEGLIA and by FEGLIA regulations promulgated by OPM.

The FEGLI Program Handbook that is provided to insured individuals stated as follows: "If a claimant thinks he/she is due money from FEGLI benefits and that legal action is necessary to get the money, the claimant must take action in Federal court against the company that OPM contracts with, not against OPM." *Id.* at p. 204, Section titled "Questions Regarding Claims". A true and correct copy of the cited page is attached hereto as Exhibit "C."

### 6.

This Court also has diversity jurisdiction over this action pursuant to 28

U.S.C. § 1332 because this is a civil action between parties with complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $180,000, which exceeds the jurisdictional minimum of $75,000.

7.

Venue is proper in this district and before this Court pursuant to 28 U.S.C. § 1391.

## FACTS

8.

Insured was a retired federal government employee covered under the FEGLI Policy during his working life and retirement, pursuant to FEGLIA. Insured's Claim Number is CSA 3729018.

9.

Insured designated his wife and grandson as beneficiaries of Insured's Policy on a valid Beneficiary Form dated March 22, 1999.

10.

Insured was separated from his wife on or about April 2011 and moved to a residence in Lawrenceville, Gwinnett County, Georgia.

11.

Insured's wife initiated divorce proceedings in the Superior Court of Durham County, North Carolina, Insured's former county of residence, on or about August 2011.

12.

Plaintiff and Insured shared a Dacula, Gwinnett County, Georgia residence from September 2011 until the date of Insured's death on April 7, 2012.

13.

The FEGLI Program Handbook stated that Insured had "the right to change or cancel your [his]designation of beneficiary at any time without the knowledge or consent of previous beneficiaries." *Id.* at p. 168, Section titled "Changing or Canceling Designations," *information added.* A true and correct copy of the cited page is attached hereto as Exhibit "D."

14.

Insured discussed with Plaintiff his decision to change his prior designation of beneficiary from third parties to Plaintiff, his reasons for doing so and the estimated value of the death benefits with Plaintiff on or about Monday, March 12, 2012.

15.

Plaintiff watched Insured complete the 2012 DoB, changing his beneficiary designation to Plaintiff, on March 12, 2012.

16.

Insured signed the 2012 DoB in the presence of two witnesses, neither of which was a named beneficiary.

17.

Insured caused the 2012 DoB to be mailed on Monday, March 12, 2012 from the United States Post Office located at 35 Patterson Road, Lawrenceville, Georgia 30044 to the OPM Retirement Operations Center at P.O. Box 45, Boyers, PA 16017-0045, as instructed on the back of Part 2 of the 2012 DoB..

18.

OPM's procedure upon receipt of an original Designation of Beneficiary form and a duplicate of the original from a covered retiree was to "certify it and return the duplicate copy" to the insured. United States Office of Personnel Management, Information for Annuitants, Civil Service Retirement System (CSRS) pamphlet RI20-59, Section titled "Designations of Beneficiary," p. 14, *available at* https://www.opm.gov/retirement-services/publications-

forms/pamphlets/ri20-59.pdf , last visited March 31, 2014 (Revised June 2013). A true and correct copy of the cited page is attached hereto as Exhibit "E."

19.

The FEGLI Program Handbook stated that an authorized official of the employing agency, or OPM, if the individual is a retiree, would sign and "receipt" the form received from a covered retiree. *See* OPM FEGLI Program Handbook, *supra* at 160. A true and correct copy of the cited page is attached hereto as Exhibit "F."

20.

The FEGLI Program Handbook required the return of Insured's duplicate 2012 DoB, which included a "receipt" identification indicating when the 2012 DoB was received by OPM.

21.

The expected delivery date for a letter weighing two ounces mailed on Monday, March 10, 2014 by first class postage from the United States Post Office located at 35 Patterson Road, Lawrenceville, Georgia 30044 at the Office of Personnel Management, Retirement Operations Center, P.O. Box 45, Boyers, PA 16017-0045 is Thursday, March 13, 2014 or three days. United States Postal Service Postage Price Calculator Domestic Services, *available at*

http://postalcalc.usps.com last visited March 31, 2014. A true and correct copy of the website snapshot is attached hereto as Exhibit "G."

22.

According to historical data from the National Climatic Data Center ("NCDC") for March 2012, the eastern United States experienced record breaking warm temperatures and there were no notable weather-related events to cause mail delivery of Insured's 2012 DoB from the Lawrenceville, Georgia post office to OPM to be delayed beyond the normal expected delivery date. National Oceanic and Atmospheric Association ("NOAA") National Climate Data Center, State of the Climate: National Snow & Ice for March 2012, Section titled "Overview/Notable Events," *available at* http://www.ncdc.noaa.gov/sotc/snow/2012/3 last visited March 31. 2014 (Published online April 2012). A true and correct copy of the website snapshot is attached hereto as Exhibit "H."

23.

The expected delivery date of Insured's 2012 DoB mailed to OPM is three days, on or about Thursday, March 15, 2012 or 22 days before Insured's date of death on April 7, 2012.

24.

Upon information and belief, OPM received Insured's 2012 DoB before the date of Insured's death.

25.

Under the terms of the FEGLI Policy, Defendant became obligated to pay 100% of the policy proceeds to Plaintiff upon Insured's death when Defendants received the valid 2012 DoB and upon the occurrence of Insured's death.

26.

Insured died on April 7, 2012.

27.

On or about April 9, 2012, Plaintiff contacted OFEGLI by telephone to report Insured's death.

28.

On or about April 16, 2012, Plaintiff contacted Defendants by telephone to request payment of death benefits from Insured's Policy.

29.

On or about July 10, 2012, Plaintiff contacted OFEGLI by telephone to request instructions about how to collect Insured's Policy death benefits. The OFEGLI representative instructed Plaintiff to request a death benefits claim

package, complete the claim documents and mail the claim documents back to OFEGLI.

30.

On or about July 16, 2012 Plaintiff received an Application for Death Benefits Standard Form 2800 with Instructions for completion and submission from OFEGLI.

31.

On or about July 20, 2012, Plaintiff submitted a valid Application for Death Benefits (Standard Form 2800) for Insured's death benefits. A true and correct copy of the Plaintiff's Application is attached hereto as Exhibit "I."

32.

The FEGLI Program Handbook stated that for retired insured individuals, OFEGLI would process the death benefits claim(s) after it received the insurance certification from OPM's Retirement Operations Center and the claim form(s) from the claimant(s). *See* OPM FEGLI Program Handbook, Section titled "Retired or Receiving Compensation at the Time of Death," *supra* at 197. A true and correct copy of the cited page is attached hereto as Exhibit "J."

33.

Upon information and belief, OPM's Retirement Operations Center insurance certification showed that Insured's 2012 DoB was received before Insured's date of death.

34.

The FEGLI Program Handbook stated as follows: "OFEGLI is required to obtain verification before making payments to beneficiaries of insured individuals with $200,000 or more of FEGLI coverage, to verify any unclear certification and to resolve any discrepancies before OFEGLI can authorize payment of benefits." *See* OPM FEGLI Program Handbook, Section titled "Prepayment Verification," *supra* at 200. A true and correct copy of the cited page is attached hereto as Exhibit "K."

35.

Upon information and belief, OFEGLI did not follow its required verification procedure before issuing payment of Insured's Policy benefits to the wrong parties.

36.

Upon information and belief, OPM's verification showed that Insured's 2012 DoB was received before Insured's date of death, showed the amount of

death benefits payable under the policy and showed that OFEGLI nevertheless paid Insured's Policy benefits to the wrong beneficiaries.

37.

The FEGLI Program Handbook stated the following: "Any discrepancies identified in the claims selected for pre-payment verification must be resolved before OFEGLI can authorize payment of benefits." *Id.* A true and correct copy of the cited page is attached hereto as Exhibit "L."

38.

On or about Monday, July 23, 2012, an OFEGLI representative told Plaintiff that "a problem has arisen" and that a "board has to make a decision regarding to whom the benefits of Fred Seller's life insurance policy were payable," but that he thought Plaintiff should be paid the death benefits.

39.

On or about July 28, 2012, Plaintiff received a letter from OFEGLI dated July 26, 2012 that:

a) referenced as "received" the "latest designation of beneficiary form SF2823/SF54 completed by Fred Sellers on March 12, 2012" (the 2012 DoB);

b) denied Plaintiff's claim for the life insurance benefits of Insured's Policy;

c) stated the following: "the latest designation of beneficiary SF2823/SF54

completed by Fred Sellers on March 12, 2012 under the Federal Employees' Group Life Insurance is invalid because it was not received by the Office of Personnel Management before the insured date of death;"

d) stated the following, "The insurance benefits have been paid" and that "OFEGLI must pay the life insurance benefits to the beneficiary according to Federal law"; and

e) enclosed an "Order of Payment document" which directed payment to the previously designated beneficiaries.

A true and correct copy of the OFEGLI letter is attached hereto as Exhibit "M." A true and correct copy of the Order of Payment document is attached hereto as Exhibit "N."

40.

During a telephone conversation with an OFEGLI representative on or about July 28, 2012, the representative told Plaintiff that he had spoken to Insured's wife and that Insured's Policy benefits had been paid to Insured's wife and grandson.

41.

OFEGLI refused to provide any additional information to Plaintiff regarding the payment of Insured's death benefits.

42.

Defendant, having two claimants' death benefits claim forms in their possession, knew that there were conflicting claims for Insured's Policy death benefits prior to improperly paying proceeds to third parties instead of to Plaintiff. Defendant nevertheless declined to interplead the benefits or otherwise attempt to resolve the dispute before making payment and instead made an erroneous decision to pay the death benefits to the wrong beneficiaries.

43.

Plaintiff's Counsel mailed directly to the OFEGLI Case Management Specialist who signed the OFEGLI letter, via certified mail, on Thursday, January 17, 2013, and by facsimile on January 18, 2013, a written demand letter dated January 17, 2013. OFEGLI received and signed for this letter on Tuesday, January 22, 2013. Plaintiff requested various documents, including a copy of Insured's 2012 DoB, in order for Plaintiff to confirm the validity of OFEGLI's conclusion that Insured's 2012 DoB was "invalid" because it was not received by OPM before Insured's death. OFEGLI refused to provide a copy of Insured's 2012 DoB, which OFEGLI acknowledged that it received, and which, if handled properly, would include a date/time stamp or other method of proving receipt of Insured's 2012 DoB.

44.

Defendant could have easily resolved the dispute with Plaintiff by providing to Plaintiff a copy of Insured's 2012 DoB with method of proof of receipt.

45.

Defendant's refusal to provide Plaintiff a copy of Insured's 2012 DoB with proof of receipt suggests that Defendant was hiding the fact that Defendant improperly disbursed Insured's Policy death benefits.

46.

At all times Plaintiff acted reasonably in filing her claim and performed all conditions of Insured's Policy that were required on her part to be performed.

47.

Before filing this Complaint, Plaintiff made a reasonable and in good faith attempt to resolve the dispute with Defendant.

## COUNT I: BREACH OF CONTRACT

48.

Each of the foregoing allegations is re-alleged and incorporated herein.

49.

Insured complied with his obligations under the contract.

50.

Plaintiff is a third party beneficiary of Insured's Policy because Plaintiff was designated as the beneficiary of Insured's Policy by Insured's proper and timely submittal of Insured's 2012 DoB in accordance with the contract between Defendant and Insured to pay benefits to Insured's properly designated beneficiary.

51.

Plaintiff filed her valid, timely claim for the death benefits with Defendant and performed all conditions of the Policy that were required on her part to be performed.

52.

Defendant breached the life insurance contract between Defendant, Insured, and Plaintiff, as third party beneficiary, by improperly paying the death benefits of Insured's Policy to third parties instead of to Plaintiff as directed by Insured.

53.

Defendant breached the life insurance contract by causing the contractual death benefit payments of the Insured's Policy to deviate materially from the parties' agreement.

54.

Defendant breached the life insurance contract by the improper payment of Insured's Policy death benefits to third parties instead of to Plaintiff even though OPM received Insured's validly executed 2012 DoB before the date of death of the Insured.

55.

Defendant damaged Plaintiff in an amount equal to the death benefits payable under the Policy plus interest from the date the proceeds should have been paid to Plaintiff and the costs and expenses of this litigation, including reasonable attorneys' fees.

## COUNT II:  FRAUD

56.

Each of the foregoing allegations is re-alleged and incorporated herein.

57.

Defendant's representation to Plaintiff that the 2012 DoB was not received by OPM before Insured's date of death was false because OPM received the 2012 DoB before Insured's date of death.

58.

Defendant knew Defendant's representation that Insured's 2012 DoB was not received by OPM before Insured's date of death was false when made to Plaintiff because OPM received Insured's 2012 DoB before Insured's date of death.

59.

Defendant made false representations and refused to provide additional information to Plaintiff because Defendant knew Defendant had improperly disbursed Insured's Policy death benefits to third parties instead of to Plaintiff.

60.

Plaintiff justifiably relied on Defendant's false representation that Insured's 2012 DoB was received by OPM after Insured's date of death.

61.

Plaintiff's reliance on Defendant's false statements induced Plaintiff to refrain from taking action to prevent the improper payment of Insured's Policy death benefits to third parties, such as formally objecting to the improper payment, which could have caused Defendant to take appropriate action to determine the appropriate recipient of Insured's death benefits before improperly paying them to third parties.

62.

As a result of Defendant's misleading and false representations, Defendant caused damage to Plaintiff in the amount of Insured's Policy proceeds, plus interest from the date the proceeds should have been paid to Plaintiff and caused Plaintiff to incur the costs and expenses of this litigation, including reasonable attorneys' fees. In addition and as a result of Defendant's knowing misleading and false representations, Plaintiff is entitled to recover punitive damages.

## COUNT III: NEGLIGENT MISREPRESENTATION

63.

Each of the foregoing allegations is re-alleged and incorporated herein.

64.

Defendant owed a duty of reasonable care to Plaintiff, which included but was not limited to, the duty to properly administer the terms of Insured's Policy in accordance with Insured's wishes, the terms of Insured's Policy and the policies and practices of Defendant and OMB for the administration of the FEGLI Program and Insured's FEGLI Policy. This duty of care included the duty to provide accurate information to beneficiaries of Insured's Policy, including Plaintiff.

65.

Defendant breached the duty of care to Plaintiff when Defendant negligently

misrepresented critical facts regarding the contract between Insured and Defendant when Defendant provided misleading and false information to Plaintiff, properly designated third party beneficiary of Insured's contract with Defendant, when Defendant told Plaintiff that Insured's 2012 DoB was not received before Insured's date of death.

66.

Defendant breached Defendant's duty of care and caused a misrepresentation when Defendant failed to provide Plaintiff a copy of Insured's 2012 DoB with proof of receipt.

67.

Plaintiff justifiably relied on Defendant's false representation that Insured's 2012 DoB was received by OPM after Insured's date of death.

68.

Plaintiff's reliance on Defendant's false statements induced Plaintiff to refrain from taking action to prevent the improper payment of Insured's Policy death benefits to third parties, such as formally objecting to the improper payment, which could have caused Defendant to take appropriate action to determine the appropriate recipient of Insured's death benefits before improperly paying them to third parties.

69.

As a result of Defendant's misleading and false representations, Plaintiff suffered damage that proximately resulted from such reliance because Defendant improperly paid Insured's Policy death benefits to third parties instead of to Plaintiff.

70.

Plaintiff is entitled to recover damages from Defendant as a result of Defendant's negligent misrepresentation of a critical fact in the amount of the Insured's Policy proceeds plus interest from the date the proceeds should have been paid to Plaintiff and the costs and expenses of this litigation, including reasonable attorneys' fees.

## COUNT IV: NEGLIGENCE

71.

Each of the foregoing allegations is re-alleged and incorporated herein.

72.

Defendant was required to pay FEGLI Policy death benefit claims in accordance with a covered retiree's Designation of Beneficiary form being both *valid and received by OPM before the covered retiree's date of death.* *See* OPM· FEGLI Program Handbook, Section titled "Designation of Beneficiary," *supra* at

159-160. A true and correct copy of the cited page is attached hereto as Exhibit "O."

73.

Defendant owed a duty of reasonable care to Plaintiff, which included but was not limited to, the duty to properly administer the terms of Insured's Policy in accordance with Insured's wishes, the terms of Insured's Policy and the policies and practices of Defendant and OMB for the administration of the FEGLI Program and Insured's FEGLI Policy. This duty of care included the duty to pay Insured's death benefits according to Insured's 2012 DoB to Plaintiff.

74.

OPM has recognized that the duty to properly administer the contract – i.e. the duty of care – belongs to Defendant. *See* OPM FEGLI Program Handbook, Section titled "What Is FEGLI," *supra* at 1. A true and correct copy of the cited page is attached hereto as Exhibit "A." *See* OPM FEGLI Program Handbook, Section titled "OFEGLI Responsibilities," *supra* at 11. A true and correct copy of the cited page is attached hereto as Exhibit "B."

75.

Because the terms of Defendant's contract with Insured required Defendants to pay death benefit claims as designated on Insured's valid 2012 DoB when

received by OPM before Insured's date of death, Defendant owed to Plaintiff a duty to properly process and administer Insured's 2012 DoB according to Insured's direction expressed therein and to protect designated beneficiaries like Plaintiff against unreasonable risk of harm caused by the improper payment of life insurance benefits to the wrong parties.

76.

Defendant breached this standard of care by failing to follow the requirements of Insured's Policy which required Defendant to pay death benefits to Plaintiff, the validly designated beneficiary, as shown on Insured's 2012 DoB.

77.

Defendant further breached this standard of care because Defendant refused to provide Plaintiff, upon her multiple requests, a copy of Insured's 2012 DoB with proof of receipt. This refusal suggests that Defendant realized that Defendant was negligent in the processing, administration and payment of Insured's death benefits.

78.

Defendant was also negligent because Defendant did nothing further to mitigate Defendant's negligence but instead chose to negligently pay Insured's death benefits to third parties instead of Plaintiff.

79.

Defendant's negligence was the proximate cause of the improper payment of Insured's death benefits by Defendant to third parties instead of to Plaintiff, whereby Plaintiff suffered damages.

80.

Plaintiff is entitled to recover damages from Defendant as a result of Defendant's negligence in the amount of the Insured's Policy proceeds plus interest from the date the proceeds should have been paid to Plaintiff and the costs and expenses of this litigation, including reasonable attorneys' fees.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, Fredericka A. Norris, prays for the following relief:

(a) That Plaintiff recover compensatory damages from Defendant as a result of Defendant's breaches of the life insurance contract with Insured in the amount of Insured's Policy proceeds plus prejudgment interest beginning on or about July 26, 2012, when proceeds should have been paid to Plaintiff;

(b) That Plaintiff recover compensatory and punitive damages for Defendant's fraudulent representations to Plaintiff in the amount of Insured's Policy proceeds plus prejudgment interest beginning on or about July 26, 2012;

(c) That Plaintiff recover compensatory damages for Defendant's negligent misrepresentation of a critical fact in the amount of Insured's Policy proceeds plus prejudgment interest beginning on or about July 26, 2012;

(d) That Plaintiff recover damages from Defendant as result of Defendant's negligence in the amount of Insured's Policy proceeds plus prejudgment interest beginning on or about July 26, 2012;

(f) That Plaintiff recover the costs and expenses of this action, including reasonable attorneys' fees; and

(g) That this Court award Plaintiff all other relief to which Plaintiff may be entitled at law or in equity;

(h) That this Court award Plaintiff such other and further relief as may be proper under the circumstances.

Respectfully submitted this 4th day of April, 2014.

Sandra D. Glaze
Attorney for Plaintiff
Georgia Bar No. 518328

Glaze Law, P.C.
1755 North Brown Road, Suite 200
Lawrenceville, Georgia 30043
(678) 690-5175 Office Phone
(678) 894-8307 Office Fax
(770) 891-4424 Mobile Phone
sandraglaze@glazelaw.com Email

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Fredericka A. Norris,                )
                                     )
    **Plaintiff,**             )    CIVIL ACTION NO.
                                     )
                                     )    _____
                                     )
    **vs.**                    )
                                     )
                                     )
Metropolitan Life Insurance          )
Company                              )
                                     )
    **Defendant.**             )

## VERIFICATION

Personally appeared before the undersigned attesting officer, duly authorized

by law to administer oaths, comes, FREDERICKA A. NORRIS , who, after first

being duly sworn, deposes and on oath states the facts contained in the foregoing

COMPLAINT are true and correct to the best of her knowledge.

FREDERICKA A. NORRIS, Plaintiff

Sworn to and subscribed before me
This  3rd day of April , 2014

Print Name:  Sandra Davis Glaze
STATE OF GEORGIA
My commission expires:  Oct. 24 2015



SANDRA DAVIS GLAZE
NOTARY
EXPIRES
GEORGIA
OCT. 24, 2015
PUBLIC
GWINNETT COUNTY

Prepared By:
Sandra D. Glaze
Attorney for Plaintiff
Glaze Law, P.C.
1755 North Brown Road
Suite 200
Lawrenceville, Georgia 30043
(678) 690-5175 Phone
(678) 894-8307 Fax
sandraglaze@glazelaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Fredericka A. Norris,

      Plaintiff,

      vs.

Metropolitan Life Insurance
Company

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.

_____

## CERTIFICATE OF SERVICE

This certifies that on 4th of April, 2014, I sent copies of the following documents: Complaint and Exhibits, Verification by Plaintiff, Waiver of Service of Summons and Notice of Duty to Avoid Unnecessary Expenses of Service of Summons and Instructions Regarding Pretrial Proceedings to Defendant's Registered Agent in Georgia, by USPS certified mail return receipt requested addressed as follows:

    C.T. Corporation System
    Registered Agent for Metropolitan Life Insurance Company
    1201 Peachtree Street, NE
    Atlanta, Georgia 30361

Dated: 4th of April, 2014

                        Sandra D. Glaze
                        Attorney for Plaintiff
                        Georgia Bar No. 518328

Sandra D. Glaze
Glaze Law, P.C.
1755 North Brown Road
Suite 200
Lawrenceville, Georgia 30043
(678) 690-5175 Phone
(678) 894-8307 Fax
sandraglaze@glazelaw.com Email